## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| VILLAGE OF MELROSE PARK; VILLAGE OF BELLWOOD; VILLAGE OF BERKELEY; CITY OF BERWYN; CITY OF CHICAGO HEIGHTS; VILLAGE OF HILLSIDE; CITY OF NORTHLAKE; VILLAGE OF OAK LAWN; CITY OF PEKIN; VILLAGE OF RIVER FOREST; and VILLAGE OF TINLEY PARK, *Plaintiffs*, v. PURDUE PHARMA L.P.; PURDUE PHARMA, INC.; THE PURDUE FREDERICK COMPANY, INC.; RHODES PHARMACEUTICALS; CEPHALON, INC.; TEVA PHARMACEUTICAL INDUSTRIES, LTD.; TEVA PHARMACEUTICALS USA, INC.; ENDO INTERNATIONAL PLC; JANSSEN PHARMACEUTICALS, INC.; JOHNSON & JOHNSON, INC.; ORTHO MCNEIL JANSSEN PHARMACEUTICALS, INC.; JANSSEN PHARMACEUTICA, INC.; INSYS THERAPEUTICS, INC.; NORAMCO, INC.; ENDO HEALTH SOLUTIONS, INC.; ENDO PHARMACEUTICALS, INC.; ALLERGAN PLC; ACTAVIS PLC; WATSON PHARMACEUTICALS, INC.; WATSON LABORATORIES, INC.; ACTAVIS PHARMA, INC.; ACTAVIS LLC; MALLINCKRODT PLC; MALLINCKRODT LLC; AMERISOURCEBERGEN CORPORATION; CARDINAL HEALTH, INC.; MCKESSON CORPORATION; PAUL MADISON; WILLIAM MCMAHON; and JOSEPH GIACCHINO, *Defendants*. | Case No. 1:18-cv-05288 Hon. John Z. Lee |

**PLAINTIFFS' MOTION TO LIFT STAY**

1

Plaintiffs respectfully request that the Court lift the stay it imposed pending likely transfer to MDL 2804, and remand this matter to the Circuit Court of Cook County, Illinois. (Dkt. 26.) In support of this motion, Plaintiffs state as follows:

1. While the Court has discretion to manage its docket, *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), Plaintiffs submit that a stay is inappropriate here and should be lifted so that the Court can decide Plaintiffs' pending motion to remand.

2. Plaintiffs recognize the Court's impression that judicial efficiency will be served by allowing the Opioid MDL to consider the pending remand, and the Court's understanding that those issues "are being litigated in other cases that have already been transferred to the MDL." (Dkt. 26.) The judge presiding over the Opioid MDL, however, has ordered a blanket stay on all remand motions, and has not lifted the moratorium since it was first imposed in December 2017. *See In re Nat'l. Prescription Opiate Litig.*, MDL No. 2804, Dkts. 4, 130. At this point, the issues raised in the motion to remand are not being litigated in the MDL. To the contrary, there has been no real movement in the cases that have been transferred there with a pending remand motion. Thus, far from a "slight delay" (dkt. 26), Plaintiffs case will sit for some indeterminate amount of time in front of a federal court that has no jurisdiction over the matter to begin with, significantly prejudicing them. What's more, because a remand motion must necessarily be analyzed on a case-by-case basis to determine the parties' procedural compliance with the removal process, and, if the procedural requirements are met, the relationship between the parties and the allegations of the complaint, the MDL court would engage in the same process as this Court. Ruling on the motion to remand now will conserve judicial efficiency and avoid unnecessarily prejudicing Plaintiffs.

3. Nor are the jurisdictional issues as "legally and factually difficult" as they may

2

have seemed at first glance. (Dkt. 26.) A procedural defect in Defendants' removal papers—the failure to obtain consent from all properly joined and served Defendants—requires that this case be remanded. Any defendant wishing to remove a case from state court to federal court must obtain the signatures of all properly joined and served defendants. 28 U.S.C. §1441(b)(2); *Gossmeyer v. McDonald*, 128 F.3d 481, 489 (7th Cir. 1997). This procedural requirement is "an essential step," *Phoenix Container, L.P. v. Sokoloff*, 235 F.3d 352, 353 (7th Cir. 2000), without which, a case cannot be removed, *Save-A-Life Found., Inc. v. Heimlich*, 601 F. Supp. 2d 1005, 1007 (N.D. Ill. 2009). *See also Sturman v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 128 F. Supp. 2d 1139, 1140 (N.D. Ill. 2001) (remanding case sua sponte for failing to obtain required written consent). A defendant's failure to perfect any deficiencies in the notice within thirty days of being served renders them incurable and requires remand. *Compassionate Pain Mgmt., LLC v. Frontier Payments, LLC*, No. 17 C 5568, 2017 WL 4423409, at *5 (N.D. Ill. Oct. 4, 2017); *Denton v. Universal Am-Can, Ltd.*, No. 12 C 3150, 2012 WL 3779315, at *3 (N.D. Ill. Aug. 30, 2012).

4. Here, Defendant Paul Madison was properly joined and served prior to Defendants' filing their notices of removal. (*See* Dkt. 20-1 (affirming that Madison was properly served on July 3, 2018).) No signature of Madison or his counsel, however, is present on Defendants' removal papers, leaving them deficient, (*see* dkts. 1 at 19–24; 8 at 21–27), and the time to correct such defects has now elapsed. *Compassionate*, 2017 WL 4423409, at *5. This procedural defect is fatal to Defendants' removal bid, and remand is the only allowable remedy. *Id.*

5. Defendants have suggested that Madison was not "properly joined" and his signature on their removal papers was thus not required. (Dkt. 8 ¶ 3.) This position, however,

3

rests on either a fraudulent misjoinder doctrine that, "[l]ike [its] sister courts, this Court also declines to follow [] or apply," *Creighton v. Bristol-Myers Squibb & Co.*, No. 13 C 629, 2013 WL 12333214, at *4 (N.D. Ill. May 10, 2013) (Lee, J.), or an improper attempt to use the Federal Rules of Civil Procedure to create diversity jurisdiction, *see Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000). (*See also* dkt. 20 § II.B–C.) Because these bases are consistently (and summarily) rejected when raised, no complicated analysis is required here. Indeed, multiple courts considering the same arguments advanced by the same Defendants have repeatedly rejected their application and ordered remand. *See Mayor & City Council of Baltimore v. Purdue Pharma L.P.*, No. CV GLR-18-800, 2018 WL 1963816, at *5 (D. Md. Apr. 25, 2018); *Anne Arundel Cty., Maryland v. Purdue Pharma L.P.*, No. CV GLR-18-519, 2018 WL 1963789, at *6 (D. Md. Apr. 25, 2018); *Cty. of Falls v. Purdue Pharma, LP*, No. 6:18-CV-47-RP-JCM, 2018 WL 1518849, at *1 (W.D. Tex. Mar. 28, 2018); *Cty. of Travis v. Purdue Pharma, LP*, No. 1:18-CV-254-RP, 2018 WL 1518848, at *1 (W.D. Tex. Mar. 28, 2018); *Cty. of Delta v. Purdue Pharma, L.P.*, No. 4:18-CV-095, 2018 WL 1440485, at *5 (E.D. Tex. Mar. 22, 2018); *Staubus v. Purdue Pharma, L.P.*, No. 2:17-CV-122, 2017 WL 4767688, at *1 (E.D. Tenn. Oct. 20, 2017); *Brown v. Endo Pharm., Inc.*, 38 F. Supp. 3d 1312, 1328 (S.D. Ala. 2014). This growing body of caselaw should allay the Court's concern that ruling on the pending motion to remand risks a likelihood of inconsistent results. The issues are so clear that at least one court has sua sponte remanded a materially identical opioid-related case. *Granite City, IL v. AmerisourceBergen Drug Corp.*, No. 18-CV-1367-SMY-DGW, 2018 WL 3408126, at *2 (S.D. Ill. July 13, 2018).

6. In short, a stay pending transfer to the Opioid MDL all but guarantees a substantial and unnecessary delay. Judge Polster would have to engage in precisely the same

4

analysis as this Court to reach the same conclusion: Defendants' removal is procedurally barred and remand is the only possible outcome.

WHEREFORE, Plaintiffs respectfully request (i) that this Court lift the stay and remand this case to the Circuit Court of Cook County, Illinois; and (ii) grant such other and further relief as the Court deems reasonable and just.

Respectfully submitted,

**VILLAGE OF MELROSE PARK, VILLAGE OF BELLWOOD, VILLAGE OF BERKELEY, CITY OF BERWYN, CITY OF CHICAGO HEIGHTS, VILLAGE OF HILLSIDE, CITY OF NORTHLAKE, VILLAGE OF OAK LAWN, CITY OF PEKIN, VILLAGE OF RIVER FOREST, and VILLAGE OF TINLEY PARK**,

Dated: August 16, 2018      By: /s/ Jay Edelson
                                 One of Plaintiffs' Attorneys

Jay Edelson
jedelson@edelson.com
Benjamin H. Richman
brichman@edelson.com
Ari J. Scharg
ascharg@edelson.com
David I. Mindell
dmindell@edelson.com
Alfred K. Murray II
amurray@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Rafey S. Balabanian
rbalabanian@edelson.com
Eve-Lynn Rapp
erapp@edelson.com
EDELSON PC
123 Townsend Street, Suite 100

5

San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9435

## CERTIFICATE OF SERVICE

      I, Jay Edelson, hereby certify that on August 16, 2018, I served the above and foregoing ***Plaintiffs' Motion to Lift Stay*** by causing a true and accurate copy of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system, on this 16th day of August 2018.

                                                               /s/ Jay Edelson