UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VILLAGE OF MELROSE PARK, VILLAGE OF BELLWOOD, VILLAGE OF BERKELEY, CITY OF BERWYN, CITY OF CHICAGO HEIGHTS, VILLAGE OF HILLSIDE, CITY OF NORTHLAKE, VILLAGE OF OAK LAWN, CITY OF PEKIN, VILLAGE OF RIVER FOREST, AND VILLAGE OF TINLEY PARK, ) ) ) ) ) ) ) ) | ) Civil Action No. 1:18-cv-05288 |
| Plaintiffs, ) | ) Honorable John Z. Lee |
| v. ) | ) |
| PURDUE PHARMA L.P., PURDUE PHARMA, INC., PURDUE FREDERICK COMPANY, INC., RHODES PHARMACEUTICALS, CEPHALON, INC., TEVA PHARMACEUTICAL INDUSTRIES, LTD., TEVA PHARMACEUTICALS USA, INC., ENDO INTERNATIONAL PLC, JANSSEN PHARMACEUTICALS, INC., JOHNSON & JOHNSON, INC., ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC., JANSSEN PHARMACEUTICA, INC., INSYS THERAPEUTICS, INC., NORAMCO, INC., ENDO HEALTH SOLUTIONS, INC., ENDO PHARMACEUTICALS, INC., ALLERGAN PLC, ACTAVIS PLC, WATSON PHARMACEUTICALS, INC., WATSON LABORATORIES, INC., ACTAVIS PHARMA, INC., ACTAVIS LLC, MALLINCKRODT PLC, MALLINCKRODT LLC, AMERISOURCEBERGEN CORPORATION, CARDINAL HEALTH, INC., MCKESSON CORPORATION, PAUL MADISON, WILLIAM MCMAHON, and JOSEPH GIACCHINO, ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

**DISTRIBUTOR DEFENDANTS' OPPOSITION
TO PLAINTIFFS' MOTION TO LIFT STAY**

Defendants McKesson Corporation, AmerisourceBergen Corporation,[1] Cardinal Health, Inc., Cardinal Health 112, LLC, Cardinal Health 110, LLC, Cardinal Health 108, LLC, Cardinal Health 105, Inc., and Cardinal Health 414, LLC[2] (collectively, the "Distributor Defendants"), by and through the undersigned counsel, hereby file this opposition to Plaintiffs' Motion to Lift Stay, ECF No. 28.

1. As this Court has already determined, a stay is warranted in this case pending transfer to the MDL, because were this Court to rule on the motion to remand, "there would be a likelihood of inconsistent results." Order Granting Stay, ECF No. 26. Plaintiffs do not raise any arguments in their instant motion that were not before the Court when the Court granted the Motion to Stay and have raised no basis for the Court to reconsider its ruling.

2. In the Seventh Circuit, motions to reconsider are appropriate only where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). "A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court." *Id.* "Such problems rarely arise and the motion to reconsider should be equally rare." *Id. See also, e.g.*, *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence."). Plaintiffs do not and cannot demonstrate that this is the "rare" case in which a motion to reconsider is appropriate, because *all* of their arguments presented in instant motion were briefed

---

[1] By filing this opposition, AmerisourceBergen Corporation does not concede that it is a proper party to this action.
[2] By filing this opposition, Defendants Cardinal Health 112, LLC, Cardinal Health 108, LLC, Cardinal Health 105, Inc., and Cardinal Health 414, LLC do not concede that they are correctly named or that they are proper parties to this case.

in Plaintiffs' motion to remand, which was before the Court when the Court made its reasoned decision to stay this case pending the Judicial Panel on Multidistrict Litigation's ("JPML") decision on transfer. *In re Oil Spill by Amoco Cadiz*, 794 F. Supp. 261, 267 (N.D. Ill. 1992) ("[M]otions to reconsider are not at the disposal of parties who want to 'rehash' old arguments.").

3. This Court's assessment is that the jurisdictional issues are "legally and factually difficult," and are "precisely the same as those being litigated in other cases that have already been transferred to the MDL." Order Granting Stay, ECF No. 26. This is correct, notwithstanding the Plaintiffs' argument that remand motions need to be decided on a "case-by-case basis." Although each individual case in the MDL may have slightly different factual and procedural postures, the core legal issues presented—whether the Plaintiffs' claims raise a federal question and whether the non-diverse defendants were properly joined in this action—have been and will be raised by dozens, if not hundreds, of cases in the MDL. The need for consistent results on those repeated and identical core legal issues outweighs any individual procedural or factual challenges raised by Plaintiffs. Plaintiffs will be given an opportunity to file and litigate their Motion to Remand before the MDL, including an opportunity to raise all procedural arguments.

4. Plaintiffs are incorrect to suggest that the MDL judge's temporary moratorium on remand motions is unduly prejudicial to Plaintiffs, or will necessarily create unreasonable delay. The MDL court's order simply reflects its desire to address motions to remand collectively, which is in keeping with the need to decide all similar cases across the nation efficiently and on a consistent basis. The MDL court will consider remand motions in due time and can do so in a coordinated way to avoid inconsistent rulings. And in any event, any delay suffered by the

Plaintiffs (which they already argued in their motions to remand) is far outweighed by the certain hardships the defendants would suffer if the stay was lifted. *Id*. ("On balance, the slight delay in Plaintiffs' obtaining a ruling on their motion to remand is outweighed by the interests in judicial economy and the prejudice caused by potentially inconsistent results."). Distributor Defendants are involved in hundreds of opioid-related lawsuits across the country. The central goal of the MDL is to consolidate these actions in a single court to "substantially reduce the risk of duplicative discovery, minimize the possibility of inconsistent pretrial obligations, and prevent conflicting rulings on pretrial motions." *See In re Nat'l Prescription Opiate Litig.*, MDL No. 2804 (J.P.M.L.), ECF No. 328, at 3, attached as **Exhibit 1**. Allowing this case to proceed on a separate track—even if only to consider Plaintiffs' remand motion—would frustrate this goal, forcing Distributor Defendants to litigate the same issues in multiple districts and materially complicating efforts to coordinate and streamline discovery across the hundreds of substantially similar cases that other municipalities and other plaintiffs across the country have filed.

5. Plaintiffs claim that the Court should consider its remand motion as to Distributor Defendants' notice of removal on the ground that Defendant Paul Madison did not sign the notice of removal. Mot. to Lift Stay, ¶ 4, ECF No. 28. This does not warrant reversing this Court's reasoned decision that a stay is appropriate.

6. *First*, consent is only required from defendants "who have been properly joined and served." 28 U.S.C. § 1446. As explained at length in Manufacturer Defendants' Supplemental Notice of Removal, Madison was not properly joined in this action. Supplemental Notice of Removal, ECF No. 8.

7. *Second*, Distributor Defendants gathered consents from all defendants that Distributor Defendants discovered to be served based on a reasonably diligent inquiry. *Milstead*

*Supply Co. v. Cas. Ins. Co.*, 797 F. Supp. 569, 573 (W.D. Tex. 1992) (holding that consent must be accomplished by only those defendants "whom the removing defendant(s) actually knew or should have known had been served" based on reasonable diligence). The removing party reasonably did not know of service on Madison because (1) the proof of service was not filed with the Cook County clerk as required by Illinois Supreme Court Rule 102(d); and (2) counsel for McKesson left several voicemails and sent several emails to counsel for Madison in the weeks leading up to removal, requesting that counsel inform McKesson promptly if Madison had been served, but counsel for Madison did not respond to those requests.

8. *Finally*, Plaintiffs present no basis to suggest that the MDL court could not address this procedural challenge after transfer. If the MDL finds that the removal was procedurally proper, it would then be faced with "precisely the same" substantive jurisdictional issues "as those being litigated in other cases that have already been transferred to the MDL." Order Granting Stay, ECF No. 26.

9. Plaintiffs also insist that the Court consider Plaintiffs' remand motion as to the Manufacturer Defendants' supplemental notice of removal on the ground that some courts have remanded on fraudulent joinder removals. Mot. to Lift Stay, ¶ 5, ECF No. 28. However, Plaintiffs ignore the wealth of contrary case law cited by Manufacturers in their Notice of Removal. *See* Supplemental Notice of Removal, ¶¶ 50, 54-57, ECF No. 8. Plaintiffs' bare string cite does not demonstrate that the remand question would be a simple one, and it certainly does not demonstrate that it would be better handled by this Court rather than by the MDL judge.

10. In the time since the Court granted Distributor Defendants' Motion to Stay, other federal courts faced with similar opioid lawsuits against similar defendants have reached the same conclusion: a stay is the most appropriate way forward. On August 28, the Northern

District of California granted a Motion to Stay on virtually identical grounds. *Cty. of San Mateo v. McKesson Corp.*, No. 3:18-cv-04535 (N.D. Cal. Aug 28, 2018), ECF No. 22 ("Because the issues involved in the remand motion are likely to arise in the cases that have been or will be transferred, judicial economy would be served by issuing the stay.") (attached as **Exhibit 2**). The Middle District of Florida made a similar ruling on August 22, deferring consideration of Plaintiff's remand motion until the JPML made a transfer decision. *City of Jacksonville v. Purdue Pharma L.P.*, No. 3:18-cv-751-J-32PDB (M.D. Fla., Aug. 22, 2018), ECF No. 43 (attached as **Exhibit 3**). Notably, that court denied Plaintiff's motion for reconsideration on September 4. *Id.*, ECF No. 49 (attached as **Exhibit 4**). This court should do the same with respect to the instant Motion to Lift the Stay.

11. In sum, Plaintiffs have not raised any issues or concerns that they did not raise in their Motion to Remand, which the Court had before it when it granted Distributor Defendants' Motion to Stay. Notwithstanding that Motion to Remand, this Court properly concluded that staying this case pending transfer to the MDL was the most prudent course for judicial efficiency and would ensure consistent results in substantially similar cases raising virtually identical legal issues. There is no reason for the Court to come to a different conclusion now.

WHEREFORE, Distributor Defendants respectfully request that this Court deny Plaintiffs' Motion to Lift Stay, ECF No. 28.

Date: September 12, 2018        Respectfully submitted,

/s/ *Alexander S. Vesselinovitch*
Alexander S. Vesselinovitch
Matthew H. Bunn
Matthew T. Connelly

FREEBORN AND PETERS LLP
311 S. Wacker Drive, Suite 3000
Chicago, IL 60606
(312) 360-6000
(312) 360-6520 (facsimile)
avesselinovitch@freeborn.com
mbunn@freeborn.com
mconnelly@freeborn.com

*Attorneys for McKesson Corporation*

/s/ *Julie Fix Meyer (with consent)*
Raymond R. Fournie (#03126094)
Anita M. Kidd (#06229585)
Julie Fix Meyer (#06319219)
Sarah E. Harmon (#06319219)
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, MO 63105-1847
(314) 621-5070
(314) 621-5065 (facsimile)
rfournie@armstrongteasdale.com
akidd@armstrongteasdale.com
jfixmeyer@armstrongteasdale.com
sharmon@armstrongteasdale.com

*Attorneys for Cardinal Health, Inc.; Cardinal Health 112, LLC; Cardinal Health 110, LLC; Cardinal Health 108, LLC; Cardinal Health 105, Inc.; and Cardinal Health 414, LLC*

/s/ *Daniel Schlessinger (with consent)*
Daniel Schlessinger
Margaret Schuchardt
Tamra Miller
JASZCZUK P.C.
311 S. Wacker Drive, Suite 3200
Chicago, IL 60606
(312) 442-0509
(312) 442-0519 (facsimile)
dschlessinger@jaszczuk.com
mschuchardt@jaszczuk.com
tmiller@jaszczuk.com

*Attorneys for AmerisourceBergen Drug Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 12, 2018, a true and correct copy of the foregoing was electronically filed with the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/* Alexander S. Vesselinovitch
