# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| VILLAGE OF MELROSE PARK; VILLAGE OF BELLWOOD; VILLAGE OF BERKELEY; CITY OF BERWYN; CITY OF CHICAGO HEIGHTS; VILLAGE OF HILLSIDE; CITY OF NORTHLAKE; VILLAGE OF OAK LAWN; CITY OF PEKIN; VILLAGE OF RIVER FOREST; and VILLAGE OF TINLEY PARK, | |
| Plaintiffs, | Case No. 18-cv-05288 |
| v. | **Jury Trial Demanded** |
| | Honorable John Z. Lee |
| PURDUE PHARMA L.P.; PURDUE PHARMA, INC.; PURDUE FREDERICK COMPANY, INC.; RHODES PHARMACEUTICALS; CEPHALON, INC.; TEVA PHARMACEUTICAL INDUSTRIES, LTD.; TEVA PHARMACEUTICALS USA, INC.; ENDO INTERNATIONAL PLC; JANSSEN PHARMACEUTICALS, INC.; JOHNSON & JOHNSON, INC.; ORTHO MCNEIL JANSSEN PHARMACEUTICALS, INC.; JANSSEN PHARMACEUTICA, INC.; INSYS THERAPEUTICS, INC.; NORAMCO, INC.; ENDO HEALTH SOLUTIONS INC.; ENDO PHARMACEUTICALS INC.; ALLERGAN PLC; ACTAVIS PLC; WATSON PHARMACEUTICALS, INC.; WATSON LABORATORIES, INC.; ACTAVIS PHARMA, INC.; ACTAVIS LLC; MALLINCKRODT PLC; MALLINCKRODT LLC; AMERISOURCEBERGEN CORPORATION; CARDINAL HEALTH, INC.; MCKESSON CORPORATION; PAUL MADISON; WILLIAM MCMAHON; and JOSEPH GIACCHINO, | |
| Defendants. | |

## MANUFACTURER DEFENDANTS' JOINDER IN SUPPORT OF THE DISTRIBUTOR DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO LIFT STAY

Purdue Pharma L.P., Purdue Pharma Inc., and The Purdue Frederick Company, by their undersigned attorneys and on behalf of the Manufacturer Defendants,[1] hereby join in Distributor Defendants' Opposition to Plaintiffs' Motion to Lift Stay (Dkt. Nos. 28, 46). In support thereof, Manufacturer Defendants state as follows:

1. On May 23, 2018, Plaintiffs filed a Complaint in the Circuit Court of Cook County.

2. On August 2, 2018, Defendant McKesson Corporation removed this action to this Court (*see* Dkt. No. 1) and the Manufacturer Defendants filed a Supplemental Notice of Removal on that same day (*see* Dkt. No. 8). The Supplemental Notice alleged, *inter alia*, that the citizenship of the fraudulently misjoined non-diverse physicians should be ignored. Dkt. No. 8 ¶¶ 58–62; *see, e.g.*, *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996) ("A defendant's right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real

---

[1] The named Manufacturer Defendants in the above-captioned action are Purdue Pharma L.P.; Purdue Pharma Inc.; Purdue Frederick Company Inc.; Rhodes Pharmaceuticals L.P.; Cephalon, Inc.; Teva Pharmaceutical Industries Ltd., incorrectly named as "Teva Pharmaceutical Industries, Ltd."; Teva Pharmaceuticals USA, Inc.; Endo International plc; Janssen Pharmaceuticals, Inc.; Johnson & Johnson; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc; Insys Therapeutics, Inc.; Endo Health Solutions Inc.; Endo Pharmaceuticals Inc.; Watson Laboratories, Inc.; Actavis Pharma, Inc., f/k/a Watson Pharma, Inc.; Actavis LLC; Mallinckrodt plc; and Mallinckrodt LLC. Allergan plc f/k/a Actavis plc, an Irish corporation; Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc., a Nevada corporation whose sole member is Allergan W.C. Holding Inc. f/k/a Actavis W.C. Holding Inc., a Delaware corporation; Teva Pharmaceutical Industries Ltd., an Israeli corporation; AmerisourceBergen Corporation, a Delaware corporation; Endo International plc; and Mallinckrodt plc, an Irish corporation, dispute that they have been served but join this Motion out of an abundance of caution, and expressly reserve all defenses, including those related to personal jurisdiction and service of process. Also, though Plaintiffs have named Endo International plc on the face page of the Complaint, that entity is not mentioned anywhere in the body of the Complaint. In defining the term "Endo," Plaintiffs allege that that term refers collectively to Endo Health Solutions Inc. and Endo Pharmaceuticals Inc. only, not Endo International plc. (Compl. ¶ 31.) Defendant Noramco, Inc., a company referenced in the Complaint as a former subsidiary of Johnson & Johnson (see Compl. ¶ 28), joins in this Motion to the extent applicable. Noramco does not (and did not at all material times relevant hereto) manufacture, package, brand, market, distribute, or sell the finished drug products at issue in this litigation, and it reserves all rights and defenses specific to it. Additionally, although referred to herein and in the Complaint as a "Manufacturer Defendant," Defendant Rhodes Pharmaceuticals L.P. sells, but does not manufacture, opioid pharmaceutical products.

connection with the controversy." (quotation marks omitted)), *abrogated on other grounds in Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000); *Reed v. Am. Med. Sec. Grp., Inc.*, 324 F. Supp. 2d 798, 803 n.8 (S.D. Miss. 2004); *In re Bridgestone/Firestone, Inc.*, 260 F. Supp. 2d 722, 728 (S.D. Ind. 2003) ("[I]t may be possible, under the doctrine of fraudulent misjoinder, for the improperly joined claims to be disregarded for removal purposes.").

3. This case has been identified as a possible tag-along action to MDL Case No. 2804, *In re: National Prescription Opiate Litigation*, and the Judicial Panel for Multidistrict Litigation ("JPML") issued a Conditional Transfer Order for this case on August 8, 2018. *See* CTO-49. Plaintiffs opposed the Conditional Transfer Order (JPML, MDL No. 2804, Dkt. No. 2397) and briefing on Plaintiffs' opposition is scheduled to be completed on September 20, 2018.

4. Given the likelihood that this case would be transferred to the MDL, on August 9, 2018, Distributor Defendants moved to stay all proceedings pending a final transfer decision from the JPML. Dkt. No. 15. On the same day, Plaintiffs filed their Motion for Remand. Dkt. No. 19.

5. On August 10, 2018, this Court granted the motion to stay noting:

> The U.S. Judicial Panel on Multidistrict Litigation (JPML) has conditionally transferred this case to MDL 2804. Preliminary assessment of the jurisdictional issues suggest that they are legally and factually difficult and that the issues are precisely the same as those being litigated in other cases that have already been transferred to the MDL. Were this Court to rule on the motion to remand, there would be a likelihood of inconsistent results. Furthermore, the JPML has determined that centralization of opioid litigation is proper due to common questions of fact and that transfer should not be delayed pending rulings on remand motions. On balance, the slight delay in Plaintiffs' obtaining a ruling on their motion to remand is outweighed by the interests in judicial economy and the prejudice caused by potentially inconsistent results.

Dkt. No. 26 (citations omitted). Plaintiffs' Motion to Remand "remains pending for decision by the MDL judge." *Id.*

6. Nothing has changed to call into question this Court's August 10 order staying proceedings pending the JPML's anticipated final transfer decision and the Court's determination that the MDL judge should decide Plaintiffs' Motion to Remand. Nonetheless, *six* days after this Court entered its order, Plaintiffs filed a "Motion to Lift Stay" (Dkt. No. 28), on August 16, 2018. In reality, that Motion is an improper motion for reconsideration that should be denied for several reasons. *Miller v. City of Plymouth*, 2010 WL 2194842, at *1 (N.D. Ind. May 27, 2010).

7. Plaintiffs styled their motion as a "Motion to Lift Stay" to avoid their burden to demonstrate the "rare[ ]" circumstances justifying reconsideration, a manifest error of law or fact or newly discovered evidence. *Id. See also Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982), *aff'd*, 735 F.2d 1367 (7th Cir. 1984), and *aff'd*, 736 F.2d 388 (7th Cir. 1984) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence."). No new law or facts are presented in Plaintiffs' Motion to Lift Stay. Instead, Plaintiffs' Motion is largely a re-packaged and shortened version of their Motion for Remand (Dkt. No. 20), which, as this Court ordered, "remains pending for decision by the MDL judge." (Dkt No. 26). Those recycled arguments, which this Court was aware of when it granted the motion to stay, cannot justify reconsideration of that decision. *See Miller*, 2010 WL 2194842, at *1 ("Motions for reconsideration are not at the disposal of parties who want to 'rehash' old arguments." (quotations omitted)).

8. This Court also has not "patently misunderstood" the relevant facts and law or "made a decision outside the adversarial issues presented by the parties." *Miller*, 2010 WL 2194842, at *1 (citation omitted). Indeed, Plaintiffs' motion seeking reconsideration of the stay of proceedings "recognize[s]" the sound reasoning supporting this Court's order. Dkt. No. 28 ¶ 2.

Plaintiffs do no more than quibble with that reasoning but do not argue that this Court "patently misunderstood" the issues.

9. For example, Plaintiffs argue that the "judge presiding over the Opioid MDL . . . has ordered a blanket stay on all remand motions, and has not lifted the moratorium since it was first imposed in December 2017." Dkt. No. 28 ¶ 2. But Plaintiffs made this same argument concerning an "apparent blanket stay [in the MDL] on remand motions" in their Motion for Remand. Dkt. No. 20 at 3. Thus, this Court's determination that "[o]n balance, the slight delay in Plaintiffs' obtaining a ruling on their motion to remand is outweighed by the interests in judicial economy and the prejudice caused by potentially inconsistent results" (Dkt. No. 26) already took into account that consideration.

10. Furthermore, Plaintiffs are incorrect in stating that the MDL Court has not considered any motions to remand since December 2017. In order to develop a plan to address the many remand motions that raise substantially identical jurisdictional questions as Plaintiffs' Motion for Remand in this case, Judge Polster stated in December 2017 that "it would be better to leave the motions [for remand] pending for the time being" so the MDL Court may address jurisdictional issues collectively in due course. *In re Nat'l Prescription Opiate Litig.*, No. 1:17-md-02804-DAP, Dkt No. 4 (Dec. 14, 2017, Minutes & Scheduling Order) at 2. This measured approach will help ensure uniform treatment of jurisdictional issues and further judicial economy. Consistent with this strategy, however, the MDL Court has lifted the moratorium to consider remand motions that raise select issues common to certain plaintiffs, such as state Attorneys General and Native American Tribes. *See, e.g.*, *In re Nat'l Prescription Opiate Litig.*, No. 1:17-md-02804-DAP, Dkt Nos. 740 (July 13, 2018 Order remanding), 934 (Sept. 4, 2018 Opinion and Order denying motions to remand). There are over 70 cases in the MDL, however, filed by

5

governmental plaintiffs like Plaintiffs here against non-diverse severable and/or fraudulently joined or misjoined parties that raise similar legal, factual, and jurisdictional issues as Plaintiffs' remand motion.[2] As this Court accurately concluded previously, given this volume of similarly

---

[2] *City of Sandusky v. Purdue Pharma L.P. et al.*, No. 1:18-op-45788-DAP (N.D. Ohio), Doc. 1 (Not. of Removal); *City of Elyria v. Purdue Pharma L.P. et al.*, No. 1:18-cv-00017 (N.D. Ohio), Doc. 1 (Not. of Removal); *Summit County et al. v. Purdue Pharma L.P. et al.*, No. 5:18-cv-00170 (N.D. Ohio), Doc. 1 (Not. of Removal); *Minute Men, Inc. et al. v. Purdue Pharma L.P. et al.*, No. 1:18-cv-00688 (N.D. Ohio), Doc. 1 (Not. of Removal); *City of Mansfield v. Purdue Pharma L.P. et al.*, No. 1:18-cv-00797 (N.D. Ohio), Doc. 1 (Not. of Removal); *City of Fostoria v. Purdue Pharma L.P. et al.*, No. 3:18-cv-00850 (N.D. Ohio), Doc. 1 (Not. of Removal); *City of Parma Heights v. Purdue Pharma L.P. et al.*, No. 1:18-cv-01505 (N.D. Ohio), Doc. 1 (Not. of Removal); *City of Parma v. Purdue Pharma L.P. et al.*, No. 1:17-cv-01872 (N.D. Ohio), Doc. 1 (Not. of Removal); *City of Lorain v. Purdue Pharma L.P. et al.*, No. 1:17-cv-01639 (N.D. Ohio), Doc. 1 (Not. of Removal); *County of Cuyahoga v. Purdue Pharma L.P. et al.*, No. 1:17-cv-02482 (N.D. Ohio), Doc. 1 (Not. of Removal); *City of Toledo v. Purdue Pharma L.P. et al.*, No. 3:17-cv-02516 (N.D. Ohio), Doc. 1 (Not. of Removal); *County of Lake v. Purdue Pharma L.P. et al.*, No. 1:18-cv-00089 (N.D. Ohio), Doc. 1 (Not. of Removal); *County of Ashtabula v. Purdue Pharma L.P. et al.*, No. 1:18-cv-0100 (N.D. Ohio), Doc. 1 (Not. of Removal); *County of Lorain v. Purdue Pharma L.P. et al.*, No. 1:18-cv-00145 (N.D. Ohio), Doc. 1 (Not. of Removal); *County of Trumbull v. Purdue Pharma L.P. et al.*, No. 4:18-cv-00147 (N.D. Ohio), Doc. 1 (Not. of Removal); *County of Jefferson v. Purdue Pharma L.P. et al.*, No. 2:18-cv-37 (S.D. Ohio), Doc. 1 (Not. of Removal); *City of Dayton v. Purdue Pharma L.P. et al.*, No. 3:17-cv-00229 (S.D. Ohio), Doc. 1 (Not. of Removal); *Richland Cty. Children's Servs. v. Purdue Pharma L.P. et al.*, No. 1:17-cv-02185 (N.D. Ohio), Doc. 1 (Not. of Removal); *Sandusky Cty. Bd. of Comm'rs v. Purdue Pharma L.P. et al.*, No. 3:18-cv-00593 (N.D. Ohio); Doc. 1 (Not. of Removal); *City of Broadview Heights v. Purdue Pharma L.P. et al.*, No. 1:18-cv-00721 (N.D. Ohio), Doc. 1 (Not. of Removal); *City of Warren v. Purdue Pharma L.P. et al.*, No. 4:18-cv-852 (N.D. Ohio), Doc. 1 (Not. of Removal); *City of Euclid v. Purdue Pharma L.P. et al.*, No. 1:18-op-46013 (N.D. Ohio), Doc. 1 (Not. of Removal); *City of North Olmsted v. Purdue Pharma L.P. et al.*, No. 1:18-op-46012 (N.D. Ohio), Doc. 1 (Not. of Removal); *City of Olmsted Falls v. Purdue Pharma L.P. et al.,* No. 1:18-op-46014 (N.D. Ohio), Doc. 1 (Not. of Removal); *City of North Ridgeville v. Purdue Pharma L.P. et al.*, No. 1:18-op-46015 (N.D. Ohio), Doc. 1 (Not. of Removal); *Township of Painesville v. Purdue Pharma L.P. et al.*, No. 1:18-op-46035 (N.D. Ohio), Doc. 1 (Not. of Removal); *Harrison Cty. Bd. of Comm'rs v. Purdue Pharma L.P. et al.*, No. 2:18cv359 (S.D. Ohio), Doc. 1 (Not. of Removal); *Jefferson County et al. v. Purdue Pharma L.P. et al.*, No. 2:18-cv-00626 (N.D. Ala.), Doc. 1 (Not. of Removal); *County of Alachua v. Purdue Pharma L.P. et al.*, No. 1:18-cv-00086-MW-GRJ (N.D. Fla.), Doc. 1 (Not. of Removal); *County of Osceola v. Purdue Pharma L.P. et al.*, No. 6:18-cv-00164 (M.D. Fla.), Doc. 1 (Not. of Removal); *County of Floyd v. Purdue Pharma L.P. et al.*, No. 7:17-cv-00186 (E.D. Ky.), Doc. 1 (Not. of Removal); *County of Pike v. Teva Pharmaceuticals USA, Inc. et al.*, No. 7:17-cv-00193 (E.D. Ky.), Doc. 1 (Not. of Removal); *County of Knott v. Purdue Pharma L.P. et al.*, No. 7:18-cv-00006 (E.D. Ky.), Doc. 1 (Not. of Removal); *County of Fulton v. Purdue Pharma L.P. et al.*, No. 1:17-cv-04757 (N.D. Ga.), Doc. 1 (Not. of Removal); *County of Mora v. Purdue Pharma L.P. et al.*, No. 1:17-cv-01044 (D.N.M.), Doc. 1 (Not. of Removal); *Prince George's County v. Purdue Pharma L.P. et al.*, No. 8:18-cv-00870 (D. Md.), Doc. 1 (Not. of Removal); *DeKalb County v. Purdue Pharma L.P. et al.*, No. 1:18-cv-01498 (N.D. Ga.), Doc. 1 (Not. of Removal); *County Comm'n of Clay County v. Purdue Pharma L.P.*, No. 2:18-cv-00413 (S.D. W. Va.), Doc. 1 (Not. of Removal); *County of Harris v. Purdue Pharma L.P. et al.*, No. 4:18-cv-00490 (S.D. Tex.), Doc. 1 (Not. of Removal); *St. Bernard Parish v. Purdue Pharma L.P. et al.*, No. 2:18-cv-02717-NJB-DEK (E.D. LA.), Doc. 1 (Not. of Removal); *County of San Joaquin et al. v. Purdue Pharma L.P. et al.*, No. 2:17-cv-01485 (E.D. Cal.), Doc. 1 (Not. of Removal); *Avoyelles Parish v. Purdue Pharma L.P. et al.*, No. 1:17-cv-01567 (W.D. La.), Doc. 1 (Not. of Removal); *Calcasieu Parish v. Purdue Pharma L.P. et al.*, No. 2:17-cv-01585 (W.D. La.), Doc. 1 (Not. of Removal); *Rapides Parish v. Purdue Pharma L.P. et al.*, No. 1:17-cv-01586 (W.D. La.), Doc. 1 (Not. of Removal); *Washington Parish v. Purdue Pharma L.P. et al.*, No. 2:17-cv-17722 (E.D. La.), Doc. 1 (Not. of Removal); *Jefferson Davis Parish v. Purdue Pharma L.P. et al.*, No. 2:18-cv-00002 (W.D. La.), Doc. 1 (Not. of Removal); *Vernon Parish v. Purdue Pharma L.P. et al.*, No. 2:18-cv-00053 (W.D. La.), Doc. 1 (Not. of Removal); *Allen Parish v. Purdue Pharma L.P. et al.*, No. 2:18-cv-00055 (W.D. La.), Doc. 1 (Not. of Removal); *Sabine Parish v. Purdue Pharma L.P. et al.*, No. 2:18-cv-00054 (W.D. La.), Doc. 1 (Not. of Removal); *Ouachita Parish v. Purdue Pharma L.P. et al.*, No. 3:18-cv-00094

situated cases, judicial efficiency and economy favors staying this case so the MDL Court may address Plaintiffs' remand motion collectively with similar motions filed by numerous other plaintiffs at the appropriate time.

11. Plaintiffs also are incorrect that the basis for removal asserted by Manufacturer Defendants—that the citizenship of the fraudulently misjoined non-diverse physicians should be ignored—was procedurally improper. Dkt. No. 28 ¶ 5. Although the Seventh Circuit has not yet adopted the fraudulent misjoinder doctrine, Plaintiffs ignore that district courts in other circuits have repeatedly applied the doctrine, including in opioid-related cases like this one. *See*, *e.g.*, *Cty. Comm'n of McDowell Cty. v. McKesson Corp.*, 263 F.Supp. 3d 639, 647 (S.D. W. Va. 2017); *City of Huntington v. AmerisourceBergen Drug Corp.*, 2017 WL 3317300, at *4-5 (S.D. W. Va. Aug.

---

(W.D. La.), Doc. 1 (Not. of Removal); *Evangeline Parish v. Purdue Pharma L.P. et al.*, No. 6:18-cv-00125 (W.D. La.), Doc. 1 (Not. of Removal); *Orleans Parish v. Purdue Pharma L.P. et al.*, No. 2:18-cv-04828 (E.D. La.), Doc. 1 (Not. of Removal); *Lafayette Parish v. Purdue Pharma L.P. et al.*, No. 6:17-cv-01583 (W.D. La.) Doc. 1 (Not. of Removal); *Louisiana Health Servs. & Indem. Co. v. Purdue Pharma L.P. et al.*, No. 3:17-cv-01766-JWD-RLB (M.D. La.), Doc. 1 (Not. of Removal); *West Carroll Parish v. Purdue Pharma L.P. et al.*, No. 3:18-cv-00264-TAD-KLH (W.D. La.), Doc. 1 (Not. of Removal); *East Carroll Parish v. Purdue Pharma L.P. et al.*, No. 3:18-cv-00262-RGJ-KLH (W.D. La.), Doc. 1 (Not. of Removal); *Town of Hamlin v. Purdue Pharma L.P. et al.*, No. 2:18-cv-00477 (S.D. W. Va.), Doc. 1 (Not. of Removal); *East Baton Rouge Parish v. Purdue Pharma L.P. et al.*, No. 3:18-cv-00286-JWD-RLB (M.D. La.), Doc. 1 (Not. of Removal); *ApolloMD Bus. Servs. v. Attain Med, Inc.*, No. 1:18-cv-01662-SCJ (N.D. Ga.) Doc. 1 (Not. of Removal); *Roach v. McKesson Corp.*, No. 2:18-cv-04165 (E.D. La.), Doc. 1 (Not. of Removal); *Scott County v. Purdue Pharma L.P. et al.*, No. 4:17-cv-00193 (S.D. Ind.), Doc. 1 (Not. of Removal); *City of Seattle v. Purdue Pharma L.P. et al.*, No. 2:17-cv-01577 (W.D. Wash.), Doc. 1 (Not. of Removal); *King County v. Purdue Pharma L.P. et al.*, No. 2:18-cv-00225 (W.D. Wash.), Doc. 1 (Not. of Removal*); Estate of Green v. West-Ward Pharm. Corp. et al.*, No. 7:18-cv-00462-RDP (N.D. Ala.), Doc. 1 (Not. of Removal); *Drew Mem'l Hosp., Inc. v. Purdue Pharma L.P. et al.*, No. 5:18-cv-10 (E.D. Ark.), Doc. 1 (Not. of Removal); *County of Multnomah v. Purdue Pharma L.P. et al.*, No. 3:17-cv-02010-JE (D. Or.), Doc. 1 (Not. of Removal); *Odyssey House v. Morris & Dickson Co., LLC*, No. 2:18-cv-05620-MLCF-JVM (E.D. La.), Doc. 1 (Not. of Removal); *City of Gary v. Purdue Pharma L.P. et al.*, No. 2:18-cv-00117 (N.D. Ind.), Doc. 1 (Not. of Removal); *County Comm'n of Mingo County v. Purdue Pharma L.P. et al.*, No. 2:18-cv-00476 (S.D. W. Va.), Doc. 1 (Not. of Removal*); City of Huntington v. Express Scripts Holding Co.*, No. 2:18-cv-00580 (S.D. W. Va.), Doc. 1 (Not. of Removal); *Town of West Hamlin v. Purdue Pharma L.P. et al.*, No. 2:18-cv-00478 (S.D. W. Va.), Doc. 1 (Not. of Removal); *Town of Hamlin v. Purdue Pharma L.P. et al.*, No. 2:18-cv-00477 (S.D. W. Va.), Doc. 1 (Not. of Removal); *Board of Cnty. Comm'rs of Garvin Cnty. v. Purdue Pharma L.P. et al.*, No. 5:18-cv-00820-HE (W.D. Okla.), Doc. 1 (Not. of Removal); *Board of Cnt.y Comm'rs of Delaware Cnt.y v. Purdue Pharma L.P. et al.*, No. 4:18-cv-460 (N.D. Okla.), Doc. 1 (Not. of Removal); *Board of Cnty. Comm'rs of Ottawa Cty. v. Purdue Pharma L.P. et al.*, No. 4:18-cv-00466 (N.D. Okla.), Doc. 1 (Not. of Removal); *Board of Cnty. Comm'rs of Osage Cnty. v. Purdue Pharma L.P. et al.*, No. 4:18-cv-00461 (N.D. Okla.), Doc. 1 (Not. of Removal); *Board of Cnt.y Comm's of Pawnee Cnty. v. Purdue Pharma L.P. et al.*, No. 4:18-cv-00459 (N.D. Okla.), Doc. 1 (Not. of Removal); *Board of Comm'rs of McClain Cnty. v. Purdue Pharma L.P. et al.*, No. 5:18-cv-00857 (N.D. Okla.), Doc. 1 (Not. of Removal).

7

3, 2017); *Ellis v. Amerigas Propane, Inc.*, No. 1:16-CV-1184, 2016 WL 8673036, at *2 (E.D. Cal. Nov. 18, 2016); *M.W. v. Ford Motor Co.*, No. 8:14-cv-3132-T-24TBM, 2015 WL 1311029, at *4 (M.D. Fla. Mar. 24, 2015); *Sutton v. Davol, Inc.*, 251 F.R.D. 500, 504–05 (E.D. Cal. 2008) (finding misjoinder and describing defendants' "legal and factual position" for applying the fraudulent misjoinder doctrine as "compelling"); *Asher v. Minn. Mining & Mfg. Co.*, No. Civ.A. 04-CV-522, 2005 WL 1593941, at *7-8 (E.D. Ky. June 30, 2005); *Greene v. Wyeth*, 344 F. Supp. 2d 674, 684-85 (D. Nev. 2004).

12. In any case, that issue of fraudulent misjoinder is central to the merits of Plaintiffs' Motion to Remand, which, by order of this Court, will be pending before Judge Polster upon final transfer of this case to the MDL. Dkt. No. 26. That substantial issue should only be decided with the benefit of full briefing and oral argument, in connection with the pending Motion for Remand, not as part of Plaintiffs' six-page Motion to Lift the Stay.[3] Plaintiffs' citation to decisions by other courts (Dkt. No. 28 ¶ 5) offer no comfort that this Court can predict the decision of the MDL and does not respond at all to this Court's accurate observation that "the JPML has determined that centralization of opioid litigation is proper due to common questions of fact and that transfer should not be delayed pending rulings on remand motions." *Id.* It remains most efficient for Judge Polster to decide the fraudulent misjoinder issue, along with the other issues raised in Plaintiffs' Motion to Remand, in the MDL.

---

[3] As proceedings in this case are stayed by this Court's Order (Dkt No. 26), Defendants have not responded to Plaintiffs' Motion to Remand and even if this Court were inclined to reverse itself and lift the stay, Manufacturer Defendants respectfully request that the Court provide an opportunity for full briefing and argument on Plaintiffs' Motion to Remand.

WHEREFORE, the Manufacturer Defendants respectfully request this Court deny Plaintiffs' Motion to Lift Stay.

Dated: September 12, 2018                    Respectfully submitted,

By: */s/ Sara B. Roitman*
    Sara B. Roitman  # 6311341
    DECHERT LLP
    35 West Wacker Drive
    Suite 3400
    Chicago, IL 60601
    Tel: (312) 646-5800
    Fax: (312) 646-5858
    Sara.Roitman@dechert.com

    Mark S. Cheffo*
    DECHERT LLP
    Three Bryant Park
    1095 Avenue of the Americas
    New York, NY 10036-6797
    Tel: (212) 698-3500
    Fax: (212) 698-3599
    Mark.Cheffo@dechert.com
    *denotes counsel that will see pro hac vice admission*

    *Attorneys for Defendants Purdue Pharma L.P., Purdue Pharma Inc., and The Purdue Frederick Company Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 12, 2018, I electronically filed the foregoing Joinder in Support of the Distributor Defendants' Opposition to Plaintiffs' Motion to Lift Stay with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the all counsel of record registered to receive electronic Notices of Electronic Filing generated by CM/ECF.

*/s/ Sara B. Roitman*